ZUILL
*v.*
BRADLEY.

Rec. 1762.
Fol. 388.

Where Father and Son of the ſame Name reſide in the ſame Town, *it ſeems* that the Omiſſion of "junior," in a Writ againſt the Son, is good Cauſe of Abatement. *It ſeems,* that Duplicity is no Objection to a Plea in Abatement.

## Zuill *verſ.* Bradley.

THE Plaintiff ſues Bradley by the Name o[f] Daniel Bradley, of Haverhill, &c., Trader.

Upon which the Defendant pleads as follows "And Daniel Bradley, junior, of Haverhill, &[c] "Innholder, whoſe Body was attached by this Wri[t] "comes and ſays he is the ſame Perſon who was ſued "by the ſaid John Zuill by the Name of Danie[l] "Bradley, of Haverhill, &c., Trader. And the ſai[d] "Daniel Bradley, junior, ſays this Writ ought to abate[,] "becauſe he ſays that at the Time of the Purchaſe "thereof *there were* two Men in ſaid Town of Ha- "verhill known by the names of Daniel Bradley an[d] "Daniel Bradley, junior, and that he hath been al- ways

———

(1) It appears by the record that this was *indebitatus aſſumpſit* fo[r] money had and received. The declaration alleged a promiſe to pay[,] with intereſt, to which the defendant demurred in the Court of Com- mon Pleas, and the demurrer was ſuſtained. In the Superior Court thi[s] deciſion was reverſed, and the caſe ſent to a jury.

ways called and known by the Name of Daniel Bradley, junior, and not by the Name of Daniel Bradley only, as in this Writ is ſuppoſed, and that the ſaid Daniel Bradley, ſenior, is his the ſaid Daniel Bradley junior's Father, and all this the ſaid Daniel Bradley, junior, is ready to verify; wherefore he prays Judgment of this Writ that it abate, and for his Coſts.

"2. The ſaid Writ ought to abate, for that he the ſaid Daniel Bradley, junior, was at the Time of the Purchaſe of this Writ, and ſtill is, an Innholder, and not a Trader, as in this Writ is ſuppoſed, and this he alſo is ready to verify; wherefore he prays Judgment of this Writ that it abate, and for his Coſts."

*O. Thacher.*

To which it was objected, that there was a Duplicity which deſtroyed it, for that he pleaded, that his Name was Daniel Bradley, junior, and not Daniel Bradley only, and alſo that he was an Innholder and not a Trader; and         Mod.         was cited. But it was overruled. (1)

Upon

---

(1) The Court would ſeem to have held duplicity to be no objection to a plea in abatement. The caſe of *Trevelian* v. *Seccomb*, Carth. 7, 8, ſeems to countenance ſuch a view, but the miſtake is explained in Steph. Pl. note (56). See alſo Bac. Ab. Abatement, (P); and 5 Pick. 23, where the objection of duplicity was overruled on the ground that one of the allegations was ſurpluſage. It has been held in the Superior Court of Suffolk, that under the Practice Act of 1852, an anſwer in abatement may be objected to for duplicity, on motion. 20 Law Rep. 563. And this on the ground that the anſwer is ſubject to the ſame rules againſt duplicity as was formerly the plea. But before the Practice Act, duplicity could not be taken advantage of. St. 1836, c. 273, § 3. 1 Cuſh. 137. And by § 13 of the act, "different conſiſtent defences may be ſtated in the ſame anſwer."

**1762.**

ZUILL
*v.*
BRADLEY.

Upon a full Hearing, it was *ruled*, that as th[ey] were in the fame Town, and Father and Son, it [w]a Mifnomer sufficient to abate the Writ. (2) [C] *Juſt.* doubted of the Words "*there were.*" H[e] thinks that the Latin Word "*habentur*" is of greate[r] Extent, but fuppofes it is not fufficient to make [it] bad. (3)

---

(2) "It feems to be only in the cafe of a father and fon of the fam[e] names, that the addition is required to be ftated in a writ where the f[on] is made defendant." *Kincaid* v. *Howe*, 10 Maſs. 204. See alfo 5 Da[ne] Ab. 705. To the point that "junior" is no part of a man's nam[e] but an addition ufed to defcribe and defignate the perfon, fee 1 Pic[k.] 388 ; 15 Pick. 7 ; 17 Pick. 200.

(3) It appears, however, by the record, that the judgment was final[ly] given "on the fecond exception," perhaps on account of the Chief Ju[s]tice's doubt on this point.